UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TONYA JEAVONS

VERSUS

EXXON MOBIL CORPORATION

CIVIL ACTION

NO. 13-753-JJB-RLB

**RULING ON MOTION TO DISMISS**

This matter is before the Court on the Defendant Exxon Mobil Corporation's Motion (doc. 4) for Partial Dismissal Under Rule 12(b)(1) or 12(b)(6). The plaintiff filed a memorandum in opposition to the motion. (Doc. 9). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant Exxon Mobil Corporation's Motion (doc. 4) for Partial Dismissal Under Rule 12(b)(1) or 12(b)(6).

**Background**

Tonya Jeavons brought the following action based on alleged gender discrimination and harassment during her time working for Exxon Mobil Corporation. (*See* doc. 1). The plaintiff claims that her second-line supervisor, Lamar Bo Picou, engaged in harassment and other Title VII violations due to the plaintiff's gender. (Doc. 1, p. 4). Among other claims, and most relevant to this ruling, the plaintiff avers that she was denied "promotions for which she was duly qualified" as a result of this gender discrimination and harassment. *Id.* The plaintiff filed suit under 42 U.S.C. § 2000, *et seq.*, La. R.S. § 23:301, *et seq.*, and Louisiana Civil Code article 2315. (Doc. 1, p. 5). Additionally, the plaintiff seeks attorney's fees pursuant to La. R.S. § 23:303(A), La. R.S. § 23:967, La. R.S. § 23:632, and 42 U.S.C. 2000e-5(g)(2). (Doc. 1, p. 6).

The defendant filed the present motion to dismiss, seeking dismissal of the plaintiff's denied promotion claims under 42 U.S.C. § 2000e, *et seq.*, because the plaintiff failed to exhaust

1

the requisite administrative remedies. The defendant also seeks dismissal of the plaintiff's state-law denied promotion claim, because the plaintiff failed to satisfy the pre-suit notice requirement under La. R.S. § 23:303(C). Furthermore, the defendant seeks dismissal of the plaintiff's state-law tort claims under Article 2315—including any intentional infliction of emotional distress, defamation, and battery claims—because those claims have prescribed under applicable Louisiana law. Finally, the defendant seeks dismissal of the plaintiff's claim for attorney's fees pursuant to La. R.S. § 23:632 and § 23:967, because the plaintiff failed to plead facts sufficient to support the claims. The Court will deal with the defendant's arguments seriatim.

## Discussion

1. <u>Denied Promotion Claims</u>

Defendant initially argues that the plaintiff failed to include her denied promotion claim in the EEOC charge, and thus, the plaintiff failed to exhaust the administrative remedies required prior to filing suit for her Title VII denied promotion claim. Based on this, the defendant also claims that the plaintiff failed to provide the notice required under the Louisiana Employment Discrimination Law (LEDL) with regards to her state-law denied promotion claim. Due to these failures, the defendant asks this Court to dismiss all of the plaintiff's denied promotion claims.

In opposition, the plaintiff asserts that her EEOC complaint both exhausted her administrative remedies for her Title VII claim and provided the requisite pre-suit notice under the LEDL. Nonetheless, the plaintiff acknowledges that she did not specifically delineate a denied promotion claim in her complaint to the EEOC. But, the plaintiff contends that a denied promotion claim would logically grow out of her factual allegations to the EEOC, and thus, she has exhausted her administrative remedies.

"[T]he filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). The Fifth Circuit previously examined the Title-VII exhaustion requirement in *Pacheco v. Mineta*. 448 F.3d 783 (5th Cir. 2006). In that case, the Fifth Circuit stated that:

> The scope of the exhaustion requirement has been defined in light of two competing Title VII policies that it furthers. On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally. On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims. Indeed, "[a] less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." With that balance in mind, this court interprets what is properly embraced in review of a Title–VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination." We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.

*Id.* at 788–89 (internal citations omitted). The Fifth Circuit went on to say that it does "not require that a Title–VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Id.* at 792 (citing *Sanchez*, 431 F.2d at 463–65). Nor does it "require, for purposes of exhaustion, that a plaintiff allege a prima face case before the EEOC." *Id.* "Instead, the plaintiff's administrative charge will be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger." *Id.* "[A] judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'" *National Ass'n of*

3

*Government Employees v. City Public Service Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994) (quoting *Sanchez*, 431 F.2d at 466) (internal quotation marks omitted).

In the complaint filed with the EEOC, the plaintiff provided the following narrative regarding the alleged discrimination and harassment:

> I began my employment with the Respondent on August 6, 2005 as an Assistant Operator. The Respondent employs more than 20 employees. On November 6, 2012, I resigned.
>
> Beginning from August 1, 2011, I have been harassed by Lamar Bo Picou, Male Supervisor. Mr. [Picou] has constantly targeted me, accused me of having a bad attitude, yelled at me, and written bad performance reviews regarding my work. However, Mr. Picou has not engaged in this type of conduct toward male employees such as Dustin [S]mith, Joey Olinde, and others. On August 17, 2012, I met with Jennifer Collier and David Dartez, Human Resources, to express my concerns regarding Mr. Picou. No results were given to date. On November 6, 2012, I resigned
>
> I believe I have been discriminated against based on my sex, female, in violation of LSA R.S. 23:031 et seq and Title VII of the Civil Rights Act of 1964, as amended respectively.

(Doc. 4-2, p. 3; Doc. 9, p. 3). Keeping in mind the two competing policies behind the Title-VII exhaustion requirement, this Court finds that the plaintiff's denied promotion claims could reasonable grow out of her allegations in the EEOC complaint. In the narrative, the plaintiff mentions that Mr. Picou was her supervisor while she worked for Exxon Mobil Corporation. Further, the plaintiff specifies that Mr. Picou wrote bad performance reviews concerning the plaintiff in conjunction with his harassment.

Reading these allegations broadly, the Court finds that these allegations could reasonably be expected to trigger an investigation into any promotions denied to the plaintiff as a result of the harassment at the hands of her supervisor. As a supervisor, Mr. Picou would have an influence in promotions or other job-advancement opportunities for the plaintiff. Coupling this fact with the allegation that Mr. Picou wrote the plaintiff bad performance reviews—which would be used in determining any promotions—this Court finds that, utilizing the broad interpretation of the EEOC

charge that is required under Fifth Circuit precedent, an investigation into any denied promotions based on the alleged harassment would reasonably arise out of these EEOC allegations. Accordingly, the plaintiff satisfied the Title-VII exhaustion requirement prior to filing the pending lawsuit.

Similarly, the Court finds that the plaintiff provided the requisite pre-suit notice for her state-law denied promotion claim. Louisiana Revised Statute section 23:303(C) provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

"Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies this notice requirement, but limits the state claim to the alleged discrimination detailed in the EEOC charge . . . ." *Johnson v. Hospital Corp. of America*, 767 F. Supp. 2d. 678, 700 (W.D. La. 2011). As this Court found above, the EEOC charge included sufficient allegations regarding the plaintiff's denied promotion claims. Accordingly, through filing the EEOC charge, the plaintiff also satisfied the LEDL pre-suit notice requirement.

2. State Law Tort Claims Under Civil Code Article 2315

The plaintiff acknowledges that her state law torts claims have prescribed under applicable Louisiana law. Accordingly, the Court dismisses all claims based on Louisiana tort law— including any intentional infliction of emotional distress, defamation, and battery claims.

3. Claim for Attorney's Fees Pursuant to La. R.S. § 23:632 and La. R.S. § 23:967

The plaintiff does not provide any defense as to why her claims for attorney's fees under La. R.S. § 23:632 and La. R.S. § 23:967 should not be dismissed. Based on the Court's review, the plaintiff has failed to plead sufficient facts to fall within the ambit of these statutes, and thus, her claims for attorney's fees under La. R.S. § 23:632 and La. R.S. § 23:967 are dismissed.

**Conclusion**

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant Exxon Mobil Corporation's Motion (doc. 4) for Partial Dismissal Under Rule 12(b)(1) or 12(b)(6). In accordance with this ruling, the plaintiff's state law tort claims and attorney's fees claims under La. R.S. § 23:632 and § 23:967 are **DISMISSED**.

Signed in Baton Rouge, Louisiana, on February 28, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**